## W. D. HOLDER, AUDITOR, ETC., *v.* EUGENE O. SYKES, JUDGE, ETC.

CONSTITUTIONAL LAW.  *Constitution of* 1890, *sec.* 166.  *Judges' salaries. Deductions on account of pay of special judge. Laws* 1898, *p.* 78.

The act of 1898 (Laws, p. 78), providing that the pay of a special judge shall be deducted from the salary of the regular judge in whose stead he has served, conflicts with sec. 166 of the constitution providing that the judges of the state shall receive a fixed compensation, not subject to increase or diminution during their continuance in office, and the issuance of a warrant in favor of the regular judge for any deduction under said act may be enforced by mandamus.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

Eugene O. Sykes, judge of the circuit court of the first judicial district, the appellee, was the plaintiff in the court below. The proceeding was by mandamus against the appellant, Holder, auditor of public accounts, to require the issuance of a warrant for sixty dollars, the balance due on plaintiff's salary as circuit judge, and which the auditor withheld because he had paid said sum to a special judge who had presided in some cases in which Judge Sykes was disqualified, and this the auditor undertook to justify by the terms of a pretended act of the legislature of the state, which act is in words and figures following, viz. :

AN ACT to amend § 3954 of the annotated code in reference to the pay of special judges and chancellors.

SECTION 1. *Be it enacted by the legislature of the State of Mississippi,* That § 3954 of the annotated code be amended so as to read as follows:

3954. *Special circuit judges and chancellors; how paid.* When a special commission shall issue for the holding of any term of any circuit or chancery court by a special judge, or for

the trial or hearing by such officer of any case in any such court because of the disqualification or disability of the judge or chancellor thereof, the special judge or chancellor shall be entitled to receive compensation at the rate of ten dollars a day for the time he shall serve as such, and the auditor shall issue his warrant therefor on the certificate of the clerk of the court in which the services were rendered of the time served, and the amount thereof shall be deducted from the salary of the judge or chancellor, as the case may be, in whose stead the service was rendered.

SEC. 2. That this act take effect, and be in force, from and after its passage. Approved Jan. 31, 1898.

Section 166 of the constitution of 1890 is in these words:

"The judges of the supreme court, of the circuit court, and the chancellors shall receive for their services a compensation to be fixed by law, which shall not be increased or diminished during their continuance in office."

The petition for the mandamus averred that Sykes was appointed and qualified as circuit judge on the 26th of April, 1897, at which time his salary was fixed at $2,750 per annum; and the petition further averred the pretences of the auditor, made reference to the act of 1898, and admitted that the special judge had served in certain cases wherein Judge Sykes was disqualified; it averred all the facts, and sought only to question the constitutionality of the said act of January 31, 1898.

The judgment of the circuit court on a demurrer to the petition interposed by Holder was in favor of Judge Sykes, and Holder, auditor, appealed to the supreme court.

*Wiley N. Nash.* attorney-general, for appellant.
The reporter does not find the attorney-general's brief on file.

*Alexander & Alexander,* for appellee.

The act of the legislature (chap. 59, Laws 1898) to amend section 3954 of the annotated code, and authorizing deduction from the salary of the regular judge to pay for the services of

a special judge serving in his stead by reason of the absence or disqualification of the regular judge, is unconstitutional. But even if it were not, the special judge in this case should be paid out of the appropriation of February 8th, 1898 (chapter 23, Laws 1898), approved subsequent to the act deducting from the regular judge's salary to pay the special judge, the later act appropriating a fund for the payment of the salaries of supreme court and circuit judges and chancellors; if this fund were at the time used up, then out of some later appropriation by the legislature.

The said act deducting from the regular judge's salary to pay the special judge serving in his stead, is in conflict with sec. 166 of the state constitution declaring that the compensation of the judges of our courts shall not be increased or diminished during their continuance in office.

There can be no claim that while off the bench the regular judge ceases to be a judge, while a special judge is occupying his place; he still has the powers of a judge; and in the case at bar Judge Sykes was busy presiding on the trial of cases in which he was not disqualified, during the whole time Judge Cayce was serving as special judge in the cases in which Judge Sykes was disqualified. The section preceding sec. 166 shows that the makers of the constitution considered that at times a judge may be qualified, and yet be a judge during the time of his disqualification, for sec. 165 states the way in which a special judge is to be selected, and the subsequent section states that the regular judge's salary shall not be diminished.

"The rights of an officer to his fees, emoluments, or salary is such only as is prescribed by statute, and while he holds the office, such right is in no way impaired by his occasional or prolonged absence from his post, or even neglect of his duties. Such derelictions find their correction in the power of removal, impeachment, provided by law. The compensations for official services are not fixed upon any mere principle of *quantum meruit,* but upon the judgment and consideration of the legis-

lature as a just medium for the services which the officer may be called on to perform. The fees or salary of office are *'quiquid honorarium,'* and accrue from mere possession of the office." Throop on Public Officers, sec. 500.

Where the compensation of an officer is fixed by the constitution, the legislature cannot increase or diminish it. Throop on Public Officers, sec. 455.

A constitutional provision forbidding the increase or diminution of the compensation of judicial officers during their respective terms of office, renders unconstitutional a statute authorizing a certain deduction from the salary of a judge by reason of his failure to attend and hold the courts to which he is assigned. Throop on Public Officers, sec. 469.

In other states whose constitutions contain similar provisions to sec. 166 of our state constitution, acts of the legislature authorizing deduction from salary of regular judge to pay the special judge serving in his stead, have been held unconstitutional. These cases are in point similar to the case at bar. *Garrard* v. *Nuttall,* 2 Met. (Ky.), 106; *Auditor* v. *Adams,* 13 B. Monroe (Ky.), 150; *Pickard* v. *Henderson,* 15 Lea (Tenn.), 430.

Argued orally by *Wiley N. Nash,* attorney-general, for appellant, and by *Chalmers Alexander,* for appellee.

WHITFIELD, J., delivered the opinion of the court.

The act in question, passed January 31, 1898 (laws 1898, p. 78), is plainly and palpably violative of sec. 166 of the constitution of 1890—the supreme law of the state—and therefore null and void. It would be a mere waste of time to discuss so clear a proposition. If anyone wants a discussion and authorities, he can consult the brief of counsel for appellee.

*Affirmed.*