WALLER, Chief Justice,
for the Court:
¶ 1. The Mississippi Commission on Judicial Performance moves this Court to publicly reprimand Talmadge D. Little-john, chancery court judge for the First Chancery District of Mississippi, for misusing the powers of contempt and to assess him the costs of this proceeding in the amount of $100. Judge Littlejohn has admitted all charges of misconduct and joins the Commission’s recommendations. After conducting an independent inquiry of the record and giving careful consideration to the findings of fact and recommendations of the Commission, we adopt the agreed-upon sanctions.
FACTS AND PROCEDURAL HISTORY
¶2. On October 11, 2010, the Commission filed a formal complaint charging Judge Littlejohn with judicial misconduct in violation of Article 6, Section 177A of the Mississippi Constitution of 1890, as amended. On November 12, 2010, Judge Littlejohn and the Commission joined in an Agreed Statement of Facts and Proposed Recommendation. According to the agreed statement, on or about October 6, 2010, Judge Littlejohn, acting in his official *970 capacity as chancery judge, ordered that attorney Danny Lampley be incarcerated for criminal contempt after Lampley refused to recite the “Pledge of Allegiance to the American Flag” in open court. Rather than verbally recite the pledge, Lampley chose to stand quietly. The record contains no proof that Lampley said or did anything to disrupt court proceedings, subvert justice, or embarrass the court. Judge Littlejohn admits that his actions violated Lampley’s First Amendment rights as recognized by the Supreme Court of the United States in West Virginia State Board of Education v. Barnette, 319 U.S. 624, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943). The Commission and Judge Little-john jointly recommend that Judge Little-john be publicly reprimanded and assessed costs of this proceeding in the amount of $100.
STANDARD OF REVIEW
¶ 3. In reviewing judicial misconduct cases, this Court conducts an “ ‘independent inquiry of the record,’” and in doing so, “ ‘accord[s] careful consideration [of] the findings of fact and recommendations of the Commission, or its committee, which has had an opportunity to observe the demeanor of the witnesses.’” Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 176 (Miss.2011) (citing In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743, 746 (Miss.1982)).
DISCUSSION
I. Judge Littlejohn violated Canons 1, 2A, 3B(2), 3B(4), and 3B(8) of the Mississippi Code of Judicial Conduct, thus causing this matter to be actionable under Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 4. The Commission and Judge Littlejohn acknowledge that he violated Canons 1, 2A, 3B(2), 3B(4), and 3B(8) of the Mississippi Code of Judicial Conduct.

A. Canons 1, 3B(2), and 3B(k)

¶ 5. Canon 1 states:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code should be construed and applied to further that objective.
¶ 6. Canon 3B(2) states, “[a] judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, or fear of criticism.” And, finally, Canon 3B(8) provides that “[a] judge shall dispose of all judicial matters promptly, efficiently and fairly.”
¶ 7. The Commission found that Judge Littlejohn had violated Canons 1, 3B(2), and 3B(8) when he held Lampley in criminal contempt for failing to recite the pledge of allegiance in open court. These actions, according to the Commission, infringed upon Lampley’s right to free speech under the First Amendment to the United States Constitution. Barnette, 319 U.S. at 642, 63 S.Ct. 1178. Judge Little-john thus compromised the integrity and independence of the judiciary and violated his adjudicative responsibilities to be faithful to the law and to dispose of all judicial matters fairly.

B. Canons 2A and 3B(h)

¶8. Canon 2A provides that “[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” Canon 3B(4) states that “[j]udges shall be *971 patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacities, and shall require similar conduct of lawyers, and of their staffs, court officials, and others subject to their direction and control.”
¶ 9. The Commission found that Judge Littlejohn had violated Canons 2A and 3B(4) by incarcerating Lampley for expressing his First Amendment rights. The Commission stated that Judge Little-john was “discourteous and intolerant” toward Lampley, and that his actions created an impression that individuals with certain viewpoints are specially positioned to influence him.
¶ 10. We agree that Judge Littlejohn violated Canons 1, 2A, 3B(2), 3B(4), and 3B(8) of the Mississippi Code of Judicial Conduct. Article 6, Section 177A of the Mississippi Constitution of 1890, as amended, authorizes this Court to “remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: ... (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute_” Miss. Const, art. 6, § 177A. The Commission and Judge Littlejohn acknowledge, and we agree, that his actions were prejudicial to the administration of justice and that they brought the judicial office into disrepute.
II. Judge Littlejohn’s actions warrant a public reprimand and assessment of costs in the amount of $100.
¶ 11. To determine the appropriate sanction in judicial misconduct cases, this Court considers several criteria, known as the Gibson factors:
(1) the length and character of the judge’s public service; (2) whether there is any prior case law on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) whether moral turpitude was involved: and (6) the presence or absence of mitigating or aggravating circumstances.
Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004), overruled in part on other grounds by Boone, 60 So.3d at 174.

A. The length and character of the judge’s public service

¶ 12. Judge Littlejohn has been a member of the Mississippi Bar for fifty years, a municipal judge for sixteen years, and a chancery judge for eight years. He also has served as a district attorney and a member of the Mississippi House of Representatives and Senate.

B. Prior caselaw

¶ 13. This Court repeatedly has sanctioned judges for misusing contempt powers.[1] In Mississippi Commission on Judicial Performance v. Walker, 565 So.2d 1117, 1125-26 (Miss.1990), we publicly reprimanded a judge who held in contempt and incarcerated an attorney for making statements which the judge found offensive, but which were not directed at the *972 authority of the court. Likewise, in Mississippi Commission on Judicial Performance v. Sanders, 749 So.2d 1062, 1067-1069, 1073 (Miss.1999), this Court publicly reprimanded and assessed costs to a judge for failing to use the appropriate procedure before incarcerating a clerk of court for contempt.

C.The magnitude of the offense and the harm suffered

¶ 14. “Immeasurable harm occurs when a judge who is trusted as the gatekeeper to justice for all our citizens, fails to learn and apply fundamental tenets of the law.” Miss. Comm’n on Judicial Performance v. Britton, 936 So.2d 898, 906 (Miss.2006). The First Amendment to the United States Constitution guarantees Lampley the right to remain silent during the pledge. See Barnette, 319 U.S. at 642, 63 S.Ct. 1178. Judge Littlejohn violated both Lampley’s right of free speech and the law of contempt when he incarcerated Lampley. This abuse of the judicial office harmed Lampley by forcing him to endure five hours of unjustified incarceration.
¶ 15. Judge Littlejohn’s actions also injured the integrity and independence of the judiciary. His intolerance toward Lampley created the impression that individuals with certain viewpoints are in a special position to influence Judge Little-john. Furthermore, the incident was broadcast by numerous local, state, and national media, which further damaged public perception of the judiciary.

D.An isolated incident or a pattern of conduct

¶ 16. Littlejohn’s actions were an isolated incident and do not evidence a pattern of conduct.

E.Moral turpitude

¶ 17. Moral turpitude includes, but is not limited to, actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such conduct that brings the judiciary into disrepute. Miss. Comm’n on Judicial Performance v. Bradford, 18 So.3d 251, 256 (Miss.2009) (citing Gibson, 883 So.2d at 1157). However, actions that interfere with the administration of justice or which bring the judiciary into disrepute do not automatically involve moral turpitude. Miss. Comm’n on Judicial Performance v. Roberts, 952 So.2d 934, 942 (Miss.2007). This Court has clarified that moral turpitude exists when judges abuse the legal system in a manner that violates fundamental standards of decency and honesty. Miss. Comm’n on Judicial Performance v. Sanford, 941 So.2d 209, 217 (Miss.2006).
¶ 18. The Commission and Judge Litt-lejohn acknowledge that his conduct did not involve moral turpitude. We adopt these findings because Judge Littlejohn did not misuse the legal system in a way that violates fundamental decency and honesty, nor did his conduct involve fraud, misrepresentation, extortion, or other similar conduct.

F.The presence or absence of mitigating or aggravating factors

¶ 19. Several mitigating factors exist. First, Judge Littlejohn willingly admitted his misconduct and cooperated fully with the Commission in its investigation. Second, Judge Littlejohn entered into an agreed statement with the Commission without the requirement of a hearing, which brought a prompt resolution of the matter. Third, Judge Littlejohn has changed the way he conducts the recitation of the pledge in court. From this point forward, he promises to respect and protect the First Amendment rights of anyone who refrains from reciting the pledge in his courtroom.
*973 CONCLUSION
¶ 20. Judge Littlejohn violated Canons 1, 2A, 3B(2), 3B(4), and 3B(8) of the Mississippi Code of Judicial Conduct, and his actions constituted conduct prejudicial to the administration of justice which brought the judicial office into disrepute under Article 6, Section 177A of the Mississippi Constitution of 1890, as amended. After conducting an independent review of the record and according careful consideration to the findings of fact and recommendations of the Commission, this Court agrees that Judge Littlejohn should be publicly reprimanded and assessed costs of this proceeding in the amount of $100.
¶ 21. CHANCERY COURT JUDGE TALMADGE D. LITTLEJOHN SHALL BE PUBLICLY REPRIMANDED IN OPEN COURT BY THE PRESIDING JUDGE OF THE CIRCUIT COURT OF UNION COUNTY ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT, WITH JUDGE LITTLE-JOHN PRESENT, FOLLOWING THE ISSUANCE OF THE MANDATE OF THIS COURT. JUDGE LITTLEJOHN IS ASSESSED COSTS OF $100.
CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.

. See, e.g., Miss. Comm’n on Judicial Performance v. Willard, 788 So.2d 736, 742-46 (Miss. 2001) (judge removed from office for several violations, including misuse of contempt powers); Miss. Comm’n on Judicial Performance v. Gunter, 797 So.2d 988, 989-92 (Miss.2001) (judge fined, publicly reprimanded, and assessed-costs for misusing contempt powers and treating a minor defendant intemperately); Miss. Comm’n on Judicial Performance v. Byers, 757 So.2d 961, 963, 970-73 (Miss. 2000) (judge fined, publicly reprimanded, and assessed costs for multiple offenses, the most serious of which was abuse of contempt powers).