DICKINSON, Presiding Justice,
for the Court:
¶ 1. The Mississippi Commission on Judicial Performance has determined that Chancellor Talmadge Littlejohn has violated multiple Canons of Judicial Conduct. The Commission has recommended that we impose a $500 fine, issue a public reprimand, and tax Chancellor Littlejohn with costs of this proceeding. While we agree with the Commission that Chancellor Litt-lejohn committed misconduct, we do not adopt the recommended sanctions. Chancellor Littlejohn has refused to take responsibility for his misconduct, and the recommended sanctions are not commensurate with sanctions imposed for similar misconduct in past cases. We suspend Chancellor Littlejohn from office for thirty days without pay, fine him $1,000, order that he be publicly reprimanded, and tax him with the costs of these proceedings.
FACTS AND PROCEDURAL HISTORY
¶ 2. In March 2012, Chancellor Little-john modified a 2001 Agreed Order of Filiation and Support between Ronald
Brooks and Janice Fields, and ordered Brooks to pay Fields $15,000 for an automobile for their child within ninety days, and $1,750 in attorney fees within sixty days. Brooks posted a supersedeas bond, which the chancery clerk approved, and appealed Chancellor Littlejohn’s order to this Court.
¶ 3. Because he had posted the super-sedeas bond, Brooks did not pay the sums ordered while the appeal was pending. Nevertheless, on August 7, 2012, Fields filed a contempt complaint against Brooks. Chancellor Littlejohn acknowledged that Brooks had posted a supersedeas bond but nevertheless held him in contempt for his failure to pay and ordered him incarcerated until he paid the entire amount of $16,750. Brooks spent three days and two nights in jail. During his incarceration, he filed an emergency appeal with this Court, and we vacated Chancellor Littlejohn’s contempt finding and ordered Brooks released.
¶ 4. On May 22, 2013, the Commission filed its complaint against Chancellor Litt-lejohn, alleging violations of Canons 1, 2(A), 3(B)(2), and 3(B)(8) of the Code of Judicial Conduct. After a formal hearing, the Commission concluded that Chancellor Littlejohn had committed misconduct, and it recommended that we impose a $500 fine and a public reprimand, and tax Chancellor Littlejohn with costs of this proceeding.
ANALYSIS
¶ 5. We possess “the sole authority to impose sanctions for judicial misconduct.”[1] That said, we carefully consider the Commission’s findings and recommendations.[2] But “[w]hen determin *1160 ing an appropriate sanction, ... we will conduct ‘an independent inquiry of the record’ and render an independent judgment.” [3]
I. Whether Chancellor Littlejohn committed misconduct.
¶ 6. The Commission concluded that Chancellor. Littlejohn violated three Canons of Judicial Conduct: Canon 2(A), Canon 3(B)(2), and Canon 3(B)(8). And by doing so, the Commission found that he committed willful misconduct in office subjecting him to disciplinary actions under Article 6, Section 177A of the Mississippi Constitution.[4] We agree.
¶ 7. Canon 2(A) provides that “[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” Canon 3(B)(2) requires that “[a] judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clam- or, or fear of criticism.” Finally, Canon 3(B)(8) states that “[a] judge shall dispose of all judicial matters promptly, efficiently and fairly.” Essentially, the Commission determined that Chancellor Littlejohn had committed misconduct by disregarding the established law of this State when he ignored Brooks’s supersedeas bond, held him in contempt, and ordered him incarcerated.
¶ 8. Mississippi Rule of Appellate Procedure 8(a) provides that an
appellant shall be entitled to a stay of execution of a money judgment pending appeal if the appellant gives a superse-deas bond.... The clerk of the trial court shall approve any such bond and the approval of the supersedeas bond by the clerk shall constitute a stay of the judgment.
The language of this rule could not be more clear: when the clerk approves the bond, the trial court’s judgment is stayed. And more than sixty years ago, this Court held that a chancellor erred by holding a party in contempt for failure to pay alimony and medical expenses because the order granting those sums was appealed with a supersedeas bond posted.[5] So Chancellor Littlejohn ignored not only the clear wording of the rule but also this Court’s application of it in a similar case. Therefore, his argument that he had jurisdiction to hold Brooks in contempt is specious, at best. Finding no authority to support his proposition, he cites inapposite cases holding that a chancellor possesses continuing jurisdiction to modify child support at any time a material change in circumstances occurs.[6]
¶ 9. So when Chancellor Littlejohn held Brooks in contempt for failing to pay a sum Brooks had appealed with a superse-deas bond, Chancellor Littlejohn disregarded the clear language of a rule of court and decades-old precedent. And in doing so he abused his power of contempt and illegally incarcerated Brooks. These actions violated Canons 2(A), 3(B)(2), and 3(B)(8) of the Code of Judicial Conduct. Thus, we proceed to consider the appropriate sanctions.
*1161 II. Whether the Commission’s recommended sanctions are appropriate.
¶ 10. “The sanctions in judicial-misconduct cases should be proportionate to the judge’s offense.”[7] We review proportionality with a six-factor test that considers:
“(1) the length and character of judge’s public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct;” (5) whether the conduct was willful, intended to deprive the public of assets, or if it exploited the judge’s position; and “(6) the presence or absence of mitigating or aggravating factors.”[8]
A. The Length and Character of Chancellor Littlejohn’s Service
¶ 11. Chancellor Littlejohn has served as a chancellor since 2003. He also has served one term in the Mississippi House of Representatives, one term in the Mississippi State Senate, eight years as a district attorney, and sixteen years as a municipal-court judge. While much of his public service has been laudable, he has been subject to a prior judicial performance complaint, where we imposed a public reprimand because he abused his contempt powers.[9] In that case, Chancellor Little-john incarcerated an attorney because he failed to.recite the pledge of allegiance in Chancellor Littlejohn’s courtroom.[10]
B. Whether there is any prior case-law on point.
¶ 12. “This Court repeatedly has sanctioned judges for misusing contempt powers.” [11] When a Hinds County youth-court judge issued an arrest warrant after recus-ing from a case, the Commission recommended a public reprimand, a $1,000 fíne, and $100 in costs.[12] This Court issued a harsher sanction, imposing a thirty-day suspension from office without pay, a public reprimand, a $1,000 fine, and $100 in costs.[13] The judge had one prior private admonishment, and three prior informal admonitions.[14]
¶ 13. When a youth-court referee, drug-court judge, and family master held eleven litigants in criminal contempt without affording them due process, this Court removed her from office.[15] The judge had been before this Court on a judicial performance complaint before.[16]
¶ 14. And when a chancellor held three litigants in contempt without an opportunity to be heard and ordered their incarceration for the .weekend, we imposed a public reprimand, á $2,500 fíne, and $200 in costs.[17] The chancellor had no prior judicial conduct violations.[18]
*1162 C. The Magnitude of the Offense and the Harm Suffered
¶ 15. “ ‘Immeasurable harm occurs when a judge who is trusted as the gatekeeper to justice for all our citizens, fails to learn and apply fundamental tenets of the law.’ ”[19] Here, as discussed above, Chancellor Littlejohn failed to apply an exceedingly clear rule of appellate procedure and disregarded decades-old precedent. Further, by doing so, Chancellor Littlejohn created one of the most severe forms of harm he could: that is, he illegally incarcerated Brooks.
D. Whether the misconduct is an isolated incident or evidences a pattern of conduct.
¶ 16. As discussed above, this is the second time that Chancellor Littlejohn has been brought before this Court for abusing his contempt powers, and in both cases, he illegally ordered citizens to be incarcerated.
E. Whether the conduct was willful, intended to deprive the public of assets, or exploited the judge’s position.
¶ 17.' There is no allegation that Chancellor Littlejohn’s actions were intended to deprive the public of assets or exploit his position. Chancellor Littlejohn has maintained that he acted according to his understanding of the law. So, at a minimum, Chancellor Littlejohn was negligently uninformed of the law.
F. The Presence or Absence of Mitigating or Aggravating Factors
¶ 18. Chancellor Littlejohn’s career of ■public service is a mitigating factor that weighs in his favor. That said, his failure to acknowledge any wrongdoing is an aggravating factor, as is his history of similar misconduct.
III. Whether the Mississippi Constitution prohibits this Court from suspending a chancellor without pay.
¶ 19. The dissent argues that Article 6, Section 166 of the Mississippi Constitution precludes this Court from suspending a chancellor without pay. It does not. The provision states:
The judges of the Supreme Court, of the circuit courts, and the chancellors shall receive/or their services a compensation to be fixed by law, which shall not be increased or diminished during their continuance in. office.[20]
A plain reading of Section 166 pertains to the salary chancellors “shall receive for their services.” A suspended chancellor provides no services.
¶ 20. Justice Kitchens relies on Holder v. Sykes but misses its key factual distinction. In Sykes, the circuit judge was not suspended from office.[21] Rather, he continued to serve as a circuit judge who was disqualified from hearing only certain cases, and the question was whether the Legislature could reduce his salary in proportion to the cases for which he was disqualified.[22] Because the judge still was providing the services of a circuit judge, we agree that Section 166 prohibited the Legislature from diminishing his salary. The Sykes opinion was decided on its facts and does not contain the sweeping language Justice Kitchens suggests.
*1163 ¶21. By contrast, we have suspended Chancellor Littlejohn from his office. And during the thirty days of his suspension, he will provide no services as chancellor. Stated another way, we conclude that Article 6, Section 166 does not prevent this Court from suspending judges without pay during the period during which they will perform no services, so long as the suspension is part of a final order of discipline.[23]
CONCLUSION
¶ 22. We agree with the Commission’s findings of misconduct. But, after review of our recent judicial misconduct cases, and bearing in mind that Chancellor Litt-lejohn previously has been publicly reprimanded for abusing his contempt powers by illegally ordering a citizen incarcerated,[24] we impose a thirty-day suspension from office without pay, public reprimand, $1,000 fine, and $1,606.47 in costs. Anything less would serve to diminish respect for, and confidence in, the fairness of our cases involving judicial misconduct.
¶23. The public reprimand shall be read in open court by the presiding judge of the Circuit Court of Union County on the first day of the next term of that Court in which a jury venire is present after the issuance of the Court’s mandate in this case, with Judge Littlejohn in attendance.
¶ 24. The Clerk of this Court shall send copies of this opinion and the mandate of this Court to the Chancery Clerk of Union County, as well as to the County Administrator of Union County and the Union County Board of Supervisors.
¶ 25. UNION COUNTY CHANCERY COURT JUDGE TALMADGE D. LITT-LEJOHN SHALL BE SUSPENDED FROM OFFICE FOR A PERIOD OF THIRTY (30) DAYS WITHOUT PAY, EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT’S MANDATE, PUBLICLY REPRIMANDED, FINED $1,000 AND ASSESSED COSTS OF $1,606.47. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE UNION COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT’S MANDATE, WITH JUDGE LITTLE-JOHN IN ATTENDANCE.
WALLER, C.J., RANDOLPH, P.J., LAMAR, KING AND COLEMAN, JJ., CONCUR. KITCHENS, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY CHANDLER, J. CHANDLER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PIERCE, J.; KITCHENS, J., JOINS IN PART.

. Miss. Comm'n on Judicial Performance v. Harris, 131 So.3d 1137, 1141 (Miss.2013) (citing In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743, 746 (Miss.1982)).

. Harris, 131 So.3d at 1141 (quoting Miss. Comm’n on Judicial Performance v. Sanford, 941 So.2d 209, 212 (Miss.2006)).

. Harris, 131 So.3d at 1141 (quoting Miss. Comm 'n on Judicial Performance v. Boone, 60 So.3d 172, 176 (Miss.2011)).

. Because our authority to impose sanctions for judicial misconduct derives from the Constitution, Chancellor Littlejohn incorrectly argues that the judicial function immunity provided in the Mississippi Tort Claims Act — a set of statutes — precludes his discipline.

. Lindsey v. Lindsey, 219 Miss. 720, 69 So.2d 844, 844-45 (1954).

. See Smith v. Necaise, 357 So.2d 931, 933 (Miss.1978).

. Harris, 131 So.3d at 1144 (citing Miss. Comm’n on Judicial Performance v. Boykin, 763 So.2d 872, 876 (Miss.2000)).

. Harris, 131 So.3d at 1144 (citing Miss. Comm’n on Judicial Performance v. Skinner, 119 So.3d 294, 300, 307 (Miss.2013)).

. Miss. Comm’n on Judicial Performance v. Littlejohn, 62 So.3d 968 (Miss.2011).

. Id. at 969-70.

. Id. at 971 (internal citations omitted).

. Skinner, 119 So.3d at 297-98.

. Id. at 291.

. Id. at 302.

. Miss. Comm'n on Judicial Performance v. Darby, 143 So.3d 564, 566-70 (Miss.2014).

. Id. at 570.

. Harris, 131 So.3d at 1140-41.

. Id. at 1146.

. Littlejohn, 62 So.3d at 972 (quoting Miss. Comm'n on Judicial Performance v. Britton, 936 So.2d 898, 906 (Miss.2006)).

. Miss. Const. art. § 6, 166 (emphasis added).

. Holder v. Sykes, 77 Miss. 64, 24 So. 261 (1898).

.Id.

. By contrast, when we impose a suspension "during the pendency of proceedings before the commission or in the Supreme Court,” Mississippi Code Section 9-19-13 prohibits us from making that suspension without pay.

. Littlejohn, 62 So.3d at 973.