KITCHENS, Justice,
concurring in part and dissenting in part:
¶ 26. I agree that Judge Littlejohn engaged in wilful misconduct which violated several Canons of Judicial Conduct. Because, however, suspending a chancellor without pay violates an express provision of the Mississippi Constitution, I respectfully dissent.
¶ 27. Article 6, Section 166, of the Mississippi Constitution provides:
The judges of the Supreme Court, of the circuit courts, and the chancellors shall receive for their services a compensation to be fixed by law, which shall not be *1164 increased or diminished during their continuance in office.
Miss. Const, art. 6, § 166 (emphasis added).
¶ 28. This Court has interpreted Article 6, Section 166, of our 1890 Constitution but once. See Holder v. Sykes, 77 Miss. 64, 24 So. 261 (1898). In 1898, the Mississippi Legislature enacted a law which mandated that, when a circuit court or chancery court judge was unable to perform his duty because of “disqualification or disability,” the regular judge’s salary had to be reduced ten dollars every day. Brief of Appellee, Holder v. Sykes, 77 Miss. 64, 64-66, 24 So. 261 (1898) (quoting Miss.Code Ann. § 3954 (1898)). The purpose of this statute was to generate monies for the compensation of special judges appointed in the place and stead of regular judges who were disqualified, unwilling, or unable to conduct ordinary court business. Id. This Court, a mere eight years after the adoption of the Mississippi Constitution, held that the law was “plainly and palpably violative of section 166 of the constitution of 1890.... ” Sykes, 77 Miss. at 67, 24 So. 261. The Court added that “[i]t would be a mere waste of time to discuss so clear a proposition.” Id. In other words, this Court held that it was unconstitutional to reduce the pay of a supreme court justice, circuit court judge or a chancellor based in direct proportion to the jurist’s unwillingness or inability to fulfill the duties of his office. Id.
¶ 29. In rendering its decision, the Court cited with approval a contemporary treatise about public officers. See id. (directing that “[i]f anyone wants a discussion and authorities, he can consult the briefs of counsel for [the] appellee”). This treatise provides:
The rights of an officer to his fees, emoluments, or salary is such only as is prescribed by statute, and while he holds the office, such right is in no way impaired by his occasional or prolonged absence from his post, or even neglect of his duties. Such derelictions find their correction in the power of removal, impeachment provided by law. The compensations for official services are not fixed upon any mere principle of quantum meruit, but upon the judgment and consideration of the legislature as a just medium for the services which the officer may be called on to perform. The fees or salary of office are “quiquid honorarium,” and accrue from mere possession of the office.
Brief of Appellee, Sykes, 77 Miss. at 64-66, 24 So. 261 (quoting Throop on Public Officers § 455). The compensation of the jurists specified in the cited section of our state Constitution inures to them based on their holding of the office itself and is not based upon the principle of quantum me-ruit.
¶ 80. The majority contends that there is a significant factual difference between Sykes and the case sub judice, which supports the majority’s interpretation of Article 6, Section 166. However, the Court in Sykes did not find the statute unconstitutional as applied only to a circuit court judge who was disqualified from presiding over certain cases. Instead, the Court held that the statute was facially ‘unconstitutional in all of its applications, thereby rendering invalid the majority’s attempt to create a factual distinction supporting its “for services” rhetoric. Sykes, 77 Miss, at 67, 24 So. 261 (“The act in question, passed January 31, 1898 (Laws 1898, p. 78) is plainly and palpably viola-tive of section 166 of the constitution of 1890 — the supreme law of the state — and therefore null and void.”).
¶ 31. Ultimately, the Mississippi Constitution prohibits the increase or the diminu-. tion of a chancellor’s salary during his or her term in office. Miss. Const, art. 6, *1165 § 166. In the only case construing Article 6, Section 166, of the Mississippi Constitution, this Court found unconstitutional a law which reduced the salary of a circuit court or chancery court judge when the sitting judge temporarily was disabled or disqualified and a special judge had to be appointed in his stead. Sykes, 77 Miss. at 67, 24 So. 261. In no case has this Court suspended a chancellor without pay. Because our Constitution prohibits the suspension of Judge Littlejohn without pay, I respectfully dissent.
CHANDLER, J., JOINS THIS OPINION.