DICKINSON, P.J., JUSTICE,
FOR THE COURT:
¶ 1. Lee. County Justice Court Judge John H. Sheffield ordered James Harper to serve six months in a work center for a conviction Harper already had appealed to a higher court,, and for which Harper already had satisfied his sentence. Because under the facts of this case, Judge Sheffield’s conduct was . not due to an innocent mistake, it amounts to' judicial misconduct. So we impose a public reprimand, a 120-day suspension without pay, and a $3,000 fine, and assess all costs of the proceedings to Judge Sheffield.
FACTS AND PROCEDURAL HISTORY
¶2. On June. 11, 1996,. James Harper was to appear before Judge John H. Shef *32 field in the Lee County Justice Court on charges of driving under the influence and having an expired inspection sticker. But Harper failed to appear, and Judge Sheffield issued a warrant for his arrest.
¶ 3. Harper’s attorney contacted the justice court and set the matter for trial September 11, 1996. The trial went forward, and. Judge Sheffield convicted .Harper on both.charges. Judge Sheffield then imposed a six-month suspended sentence and a $600 fine for the DUI and a $50 fine for the inspection sticker. That same day, Harper entered into a payment plan with the Lee County Justice Court for his $600 fine. Two days later, he paid $50, which was credited to the DUI ease number.
¶ 4. On October 10,1996, Harper appealed his DUI conviction to the County Court of Lee County. The county-court clerk notified the Lee County prosecutor, Harper’s attorney, the Lee County Justice Court, and Judge Sheffield. The notice of appeal and the clerk’s notification were placed in the justice-court case file. Harper then was convicted in county court on June 23,1997, and he satisfied the terms of his sentence.
¶ 5. On April 9, 2013, Harper again was arrested for DUI in Lee County. At that point he was told he could not post bond until he resolved a matter with Judge Sheffield. The next day, Harper appeared before Judge Sheffield, who accused Harper of failing to pay the fines imposed for the 1996 justice-court convictions.
¶ 6. Despite Harper’s protestation that he had appealed to county court, lost, and paid his fines—and despite the fact that. Judge Sheffield had with him the justice-court case files for Harper’s earlier convictions, both of which contained Harper’s notice of appeal and the county-court notification—Judge Sheffield sentenced Harper to serve six months at the Lee County Work Center for the DUI conviction. Harper served four months in the work center before being released due to an infection requiring hospitalization.
¶ 7. On August 21, 2014, the Mississippi Commission on Judicial Performance filed a complaint against Judge Sheffield. The Commission alleged that Judge Sheffield committed judicial misconduct by sentencing Harper to the work center when Harper had appealed his conviction to a higher court and had paid his fine. Following a hearing, the Commission recommends that this Court find that Judge Sheffield committed misconduct; impose a public reprimand, a. 120-day suspension, and a $3,000 fine; and assess the costs of the proceedings to Judge Sheffield. We accept the Commission’s recommendation.
ANALYSIS
¶ 8. The Mississippi Constitution grants this Court the power “[o]n recommendation of the commission on judicial performance,” to “remove from office, suspend, fine or publicly censure or reprimand any ... judge of this state for ... willful misconduct in office ... or ... conduct prejudicial to the administration of justice which brings the judicial office into disrepute.”[1] In ' a judicial-performance case, we conduct “an independent inquiry of the record before making a ‘final determination of the appropriate action to be taken in each case[.]’”[2] While we give careful consideration to the Commission’s findings of fact and recommendation, we are not bound by them.[3] To impose sanc *33 tions, we must find “ ‘clear and convincing evidence of misconduct.’ ”[4]
I. Judge Sheffield committed judicial misconduct.
¶ 9. The Commission recommends that Judge Sheffield’s actions violated Canons 1, 2A, 3B(2), 3B(4), 3B(8), and 3C(1) of the Code of Judicial Conduct as well as Section 177A of the Mississippi Constitution of 1890. We agree.
¶ 10. The Constitution permits this Court to impose discipline for judicial misconduct which is willful, or which is “prejudicial to the administration of justice” and “brings the judicial office into disrepute.”[5] “[Njegligence, ignorance, and incompetence are sufficient for a judge to behave in a manner prejudicial to the administration of justice which brings the judicial office into disrepute.”[6] Here, Judge Sheffield committed misconduct which at least amounted to negligence, ignorance, and incompetence.
¶ 11. When Harper appeared before Judge Sheffield in 2013, Judge Sheffield had with him the 1996 DUI case file. That record contained the notice of appeal to county court. Harper protested that he had appealed and that he had satisfied his sentence. But Judge Sheffield failed to recognize these simple facts, both articulated by Harper and sitting before him in documents on his bench.
¶ 12. Canon 1 of the Judicial Code of Conduct provides:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of‘this Code should be construed and applied to further that objective.
Judge Sheffield’s failure to devote sufficient attention to the record before him did not represent the “high standards of conduct” required by Canon 1. Canon 2A provides that “[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.” Confidence in the integrity of the judiciary is not promoted when a judge fails to devote sufficient attention to the case before him that he cannot find a document in a record he has in his possession, and wrongfully sentences an individual to serve time in a work center because of his inattention.
¶ 13. Canon 3B(2) provides that “[a] judge shall be faithful to the law and maintain professional competence in it.” Judge Sheffield’s conduct reflects anything but competence. And Canon 3B(4) states “Judges shall be patient, dignified, and courteous to' litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacities, and shall require similar conduct of lawyers, and of their staffs, court officials, and others subject to their direction and control.” If Judge Sheffield’s failure to find the notice of appeal were not enough, the testimony establishes that he was discourteous, toward Harper in *34 the face of Harper’s attempt to point out Judge Sheffield’s errors.
¶ 14.' Canon 3B(8) provides that “[a] judge shall dispose of all judicial matters promptly, efficiently and fairly.”' Nothing about this proceeding was prompt, efficient, or fair. Finally, Canon 3C(1) provides “[a] judge shall diligently discharge the judge’s administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and shall cooperate with other judges and court officials in the administration of court business.” Judge Sheffield did not “maintain professional competence in judicial administration.”
¶ 15. So we accept the Commission’s recommendation that Judge - Sheffield’s actions violated Canons 1, 2A, 3B(2), 3B(4), 3B(8), and 3C(1) of the Code of Judicial Conduct.
II. The Sanction to be Imposed
1116. “The sanctions in judicial-misconduct cases should be proportionate to the judge’s offense.”[7] To determine the appropriateness of sanctions, this Court weighs six factors:
(1) the length and character of the judge’s public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) whether moral turpitude was involved; and (6) the presence or absence of mitigating or aggravating factors,[8]
A. The Length and Character of Judge Sheffield’s Service
¶ 17. Judge Sheffield has served as a justice-court judge for twenty-five years. Testimony established that Judge Sheffield enjoys a reputation for fairness and appropriate courtroom demeanor, and that he initiated a system for appointing public defenders for some criminal defendants in justice court.
¶ 18. That said, this is not Judge Sheffield’s first instance of misconduct. In Mississippi Commission on Judicial Performance v. Sheffield, this Court found that Judge Sheffield committed misconduct when he suspended fines that would be paid to the. county as retribution for the county failing to provide adequate funding for a bailiff.[9] We imposed a public reprimand and $192 fine, and assessed Judge Sheffield court costs of $100.[10]
¶ 19. In another instance, Judge Sheffield and the Commission agreed to a private admonishment and assessment of costs for a complaint filed when Judge Sheffield pressured a bail bondsman to bring a litigant to jail for failure to appear, despite the bondsman’s request to pay on the bond instead, and while the litigant was involved in a custo.dy dispute with Judge Sheffield’s brother. Further, Judge Sheffield has received two letters of caution from the Commission regarding his courtroom demeanor, and another for acting in excess of his court’s jurisdiction.
B. Whether there is any prior case-law on point.
II20. Mississippi Commission on Judicial Performance v. Littlejohn and Missis *35 sippi Commission on Judicial Performance v. Darby are similar cases involving the unlawful incarceration of individuals.[11] In Littlejohn, this Court imposed a thirty-day suspension, a $1,000 fíne, and assessed the costs of the- proceedings after Little-john unlawfully imprisoned a man for three days and two nights.[12] There, Chancellor Littlejohn modified a support order.[13] A litigant appealed and posted a supersedeas bond in an amount the chancery clerk approved.[14]‘Despite the fact that Chancellor Littlejohn acknowledged that the bond had been posted and approved, he nevertheless held the litigant in contempt for his failure to pay on the appealed judgment.[15]
¶21. In Darby, we imposed a public reprimand, a $500 fine, and assessed the costs of the proceedings where Darby wrongly incarcerated a woman for three days.[16] There, Judge Darby held a litigant in contempt even though it was “undisputed that (1) no pleadings had been filed which alleged that the mother was in contempt of court, (2) the mother was not provided written noticé of the hearing, (8) the mother was not given a reasonable amount of time to prepare for the hearing, and (4) the mother was not afforded the opportunity to obtain counsel.”[17]
C.The Magnitude of the Offense and the Harm Suffered
¶ 22. Judge Sheffield’s misconduct caused Harper to serve four months in the Lee County Work Center. He was released when a serious infection required his hospitalization. We have recognized that illegal incarceration .is “one of the most severe forms of harm.”[18] •
D. Whether the misconduct evidences a pattern of conduct.
¶ 23. As discussed above, Judge Sheffield has been issued letters of caution related to' his :courtroom demeanor. That demeanor was at issue here. And Judge Sheffield has been both privately admonished and publicly reprimanded for past misconduct. That said, Judge - Sheffield’s failure to see the notice of appeal is dissimilar from Judge Sheffield’s past misconduct.
E. Whether the conduct,was willful, intended to deprive the public of assets, or exploited the judge’s position.
¶24. “To determine the extent to which the conduct was willful; ‘we will examine whether the judge acted in bad faith, good faith, intentionally, knowingly, or negligently.’”[19] Judge Sheffield’s misconduct—while causing a severe outcome—-appears to be due mostly to a.matter of inattention. The court file—-which Judge Sheffield had with -him at the bench—conclusively established that Harper had appealed to county court. Harper also argued this fact to Judge Sheffield. But Judge Sheffield failed to devote suffi *36 cient attention to his work to find the notice of appeal. So Judge Sheffield’s conduct was clearly negligent,
F. Mitigating and Aggravating .Factors
¶25. Judge Sheffield’s failure to take personal responsibility for his error constitutes an aggravating factor, and we find no mitigating factors for his misconduct. In sum, this Court finds that the Commission’s recommended sanction is an appropriate one. We find this case similar to Littlejohn. The severity of the harm to Harper requires suspension from office.
CONCLUSION
¶ 26. We thus order that Judge Sheffield be publicly reprimanded, suspended from office for 120 days without pay, fined $3,000, and assessed costs of the proceedings. The public reprimand shall be read in open court by the presiding judge of the Circuit Court of Lee County on the first day of the next term of that Court in which a jury venire is present after the issuance of this Court’s mandate in this case, with Judge Sheffield present.
¶ 27. The Clerk of this Court shall send copies of this opinion and the mandate of this Court to the Chancery Clerk of Lee County, arid to the Circuit Clerk of Lee County, as well as to the Lee County Justice Court Clerk, the County Administrator of Lee County, and the Lee County Board of Supervisors.
¶ 28. LEE COUNTY JUSTICE COURT JUDGE JOHN H. SHEFFIELD SHALL BE SUSPENDED FROM OFFICE FOR A PERIOD OF 120 DAYS WITHOUT PAY, EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT’S MANDATE, PUBLICLY REPRIMANDED, FINED $3,000, AND ASSESSED ALL COSTS. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE LEE COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT’S MANDATE, WITH JUDGE SHEFFIELD IN ATTENDANCE.
WALLER, C.J., RANDOLPH, P.J., KITCHENS, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. CHAMBERLIN, J., NOT PARTICIPATING.

. Miss. Const, art. 6, § 177A.

. Miss. Comm’n on Judicial Performance v. Shoemake, 191 So.3d 1211, 1216 (Miss. 2016) (quoting Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 176 (Miss.2011)).

.Shoemake, 191 So.3d at 1216 (citing Mississippi Comm’n on Judicial Performance v. Skiner, 119 So.3d 294, 299 (Miss. 2013)).

. Id. (citing Miss. Comm’n on Judicial Performance v. Carver, 107 So.3d 964, 969 (Miss. 2013)).

. Miss. Const. art. 6, § 177A.

. Miss. Comm’n on Judicial Performance v. Little, 72 So.3d 501, 502 (Miss. 2011) (citing In re Bailey, 541 So.2d 1036 (Miss. 1989); In re Baker, 535 So.2d 47 (Miss. 1988); In re Stewart, 490 So.2d 882 (Miss. 1986); In re Garner, 466 So.2d 884 (Miss. 1985); In re Lloyd Anderson, 412 So.2d 743 (Miss. 1982)).

. Miss. Comm’n on Judicial Performance v. Littlejohn, 172 So.3d 1157, 1161 (Miss. 2015) (quoting Miss. Comm’n on Judicial Performance v. Harris, 131 So.3d 1137, 1144 (Miss. 2013)).

. Boone, 60 So.3d at 185.

. Miss. Comm’n on Judicial Performance v. Sheffield, 883 So.2d 546, 547 (Miss. 2004).

. Id. at 549.

. Miss. Comm’n on Judicial Performance v. Littlejohn 172 So.3d 1157 (Miss. 2015); Miss. Comm’n on Judicial Performance v. Darby, 75 So.3d 1037 (Miss. 2011).

. Littlejohn, 172 So.3d at 1163, 1159.

. Id.

. Id.

. Id.

. Darby, 75 So.3d at 1044.

. Id. at 1040.

. Littlejohn, 172 So.3d at 1160.

. Miss. Comm’n on Judicial Performance v. Harris, 131 So.3d 1137, 1146 (Miss. 2013) (quoting In re Coffey’s Case, 157 N.H. 156, 949 A.2d 102, 115 (2008)).