KING, JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 29. While I- agree with the majority that. Judge Sheffield committed misconduct, I disagree with the majority’s determination that the recommended sanctions are proportionate to the offense. I would remove Judge Sheffield from office. As this Court has recognized in the past, most of Mississippi’s citizens “have, their primary, if not their only, direct contact with the law through the office of the justice court judge.” In re Bailey, 541 So.2d 1036, 1039 (Miss. 1989). Thus, “justice court judges must scrupulously follow the Code of Judicial Conduct.” Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 183 (Miss. 2011).
¶ 30. This is not a case of a judge simply overlooking a notice of appeal in a case-file and being sanctioned for misconduct. Instead, the judge, by his own admission, had knowledge of the claim of appeal, had the evidence of the appeal before him, and yet still acted without authority of law to imprison Harper illegally.
¶31. By Judge Sheffield’s own admission, Harper told him “that he had appealed the charge.” Throughout the committee *37 hearing, Judge Sheffield acknowledged that he searched for evidence of an appeal. Judge Sheffield testified that he understood that an appeal from justice court divested him from jurisdiction over the case. Despite Judge Sheffield’s notice of Harper’s claim and his admitted knowledge of the law, Judge Sheffield, without authority of- law, sentenced Harper to serve six months on a sentence which Harper had appealed and satisfied seventeen years earlier.
¶32. Further, Judge Sheffield’s assertion that he examined the entire contents of the case-files before him is belied by the evidence in the record. This evidence raises questions as to the credibility of Sheffield’s testimony that he examined each page of the. case-file and “checked the record as thoroughly as [he] could.” Two of the mere twenty-three pages of the file were notices of appeal, but Judge Sheffield missed them in his “thorough check.” Also, Judge Sheffield’s claim at the committee hearing that he was searching for evidence of Harper’s payment of the fine further demonstrated that Sheffield’s examination of the case-file was not “thorough.” An additional two pages—the deferred payment agreement and the $50.00 dollar receipt—demonstrate some satisfaction of the fine, yet Judge Sheffield did hot notice them, either. While the partial payment of the fine alone would not have satisfied Harper’s conviction, Judge Sheffield’s failure to notice these two documents calls into question the credibility of his testimony at the committee hearing.
¶33. Also, Judge Sheffield failed to make “every reasonable effort” to determine if Harper had appealed. While a justice court judge is not required to contact the county court every time a defendant insists that he or she appealed a sentence, the testimony at the committee hearing indicated that this was the general practice in the Lee County Justice Court. Judge Sheffield, though, did not contact the Lee County Court to inquire about the appeal, or have his clerks do so.[20] Instead, he sentenced Harper without authority of law. In examining the factors we analyze to determine appropriate sanctions, I conclude that a public reprimand and suspension are not proportionate to Sheffield’s offense. '
A. The Length and Character of Judge Sheffield’s Service
¶ 34. As the majority notes, Judge Sheffield has served as a justice court judge for twenty-five years, and much of his service has been commendable. On the other hand, Judge Sheffield does have instances of previous judicial misconduct in his record, as noted by the majority. The private reprimand he received even included improper actions in attempting to imprison someone.
B. Whether there is any prior case-law on point.
¶ 35. The majority cites Mississippi Commission on Judicial Performance v. Littlejohn, 172 So.3d 1157, 1163 (Miss. 2015) and Mississippi Commission On Judicial Performance v. Darby, 75 So.3d 1037, 1044 (Miss. 2011) (finding judge’s “failure to adhere to procedure ... serious, given the deprivation of liberty in'this matter”).
¶ 36. In this case, Judge Sheffield, unlike Judge Littlejohn, admitted that he knew the appropriate law. Despite his knowledge of the law, Judge Sheffield sentenced Harper even though Harper had appealed *38 the 1996 conviction and satisfied the terms of his conviction in county court. Despite Harper’s claims and the two notices of appeal in the case-file, Judge Sheffield sentenced Harper to six months in the. county work center. As in Littlejohn, Judge Sheffield had previously- been sanctioned' by this Court for judicial misconduct where Judge Sheffield had knowledge of the appropriate law. In contrast to Littlejohn and Darby, Harper’s sentence was significantly longer than the imprisonments in those cases, and resulted in Harper contracting a serious infection. And Harper’s actual time served was only cut short due to that infection.
¶37. Additionally, in Mississippi Commission on Judicial Performance. v. Dodds, 680 So.2d 180, 191 (Miss. 1996), this Court held that a justice court judge “acted.-unlawfully” and “without.-any legal authority” when he entered a restraining order preventing the pastor of a church from entering church property. The Dodds Court emphasized that “a specific intent to use the powers of the judicial office to accomplish a purpose which Dodds knew or should have known, was beyond the legitimate exercise of his authority constituted bad faith on his behalf,” Id, at 192 (emphasis in original). In Dodds, this Court removed the judge from the bench and assessed the costs of the proceedings to him. Id, at 201.
¶38. Judge Sheffield knew, or at least should have known, that his actions were without authority of law. In fact, he acknowledged that he knew that an appeal to a higher court divested his court of jurisdiction.
C. The Magnitude of the Offense and the Harm Suffered
¶39. The majority acknowledges that illegal incarceration is “one of the most severe forms of harm” that Judge Sheffield could have ordered against Harper. Littlejohn, 172 So.3d at 1160; see also Darby, 75 So.3d at 1044. Here, though, the length of incarceration and resulting physical harm to Harper render Harper’s illegal incarceration more severe than the incarcerations in Littlejohn and 'Darby. The citizens of Lee County also suffered harm from Judge -Sheffield’s disregard of the authority of the law. See Bailey, 541 So.2d at 1039 (“If [justice court] judges do not. behave with judicial temperament and perform their duties according to the law ... there seems little hope that our citizenry at large may understand and respect the legal process.”)...
D. Whether the misconduct is an isolated incident or evidences a pattern of conduct..
¶ 40. Judge Sheffield’s history with the Commission evidences the same type of conduct by Judge Sheffield in the past as in this case with Harper. Judge Sheffield has twice received letters concerning his courtroom demeanor, and twice received letters concerning procedural issues. Judge Sheffield failed to heed one of the letters concerning a procedural issue, and the Commission brought a formal complaint against him. Miss. Comm’n on Judicial Perf. v. Sheffield, 883 So.2d 546, 547 (Miss. 2004). There, this Court found that Judge Sheffield had committed judicial misconduct for actions that attempted to “teach Lee County a lesson.” Id. at 547, 549. Moreover, Judge Sheffield previously attempted to have a defendant improperly incarcerated, and agreed to discipline by the Commission as a result. These instances of misconduct demonstrate' a pattern of conduct by Judge Sheffield. Judge Sheffield knew what the law required Of him in these previous cases and willfully ignored the law, just as he did when he illegally incarcerated Harper.
*39 E. Whether the conduct was willful, intended to deprive the public of assets, or exploited the judge’s position.
¶ 41. “To determine the extent to which the conduct was willful, ‘we will examine whether the judge acted in bad faith, good faith, intentionally, knowingly, or negligently.’ ” Miss. Comm'n on Judicial Performance v. Harris, 131 So.3d 1137, 1146 (Miss. 2013) (quoting In re Coffey’s Case, 157 N.H. 156, 949 A.2d 102, 115 (2008)). Also, “specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have knoum was beyond the legitimate exercise of his authority constitutes bad faith.” Miss. Comm’n on Judicial Perf. v. Boykin, 763 So.2d 872, 874-75. (emphasis added).
¶42. The majority argues that Judge Sheffield’s misconduct “appears to be due mostly to a matter of inattention.” I disagree.[21] It is clear that Judge Sheffield should have known that his actions were without the authority of law. The. justice court case-file in Judge Sheffield’s possession reflected that he had no jurisdiction to sentence Harper. The Commission found that Judge Sheffield, regardless of his motive, “acted with gross unconcern for his conduct.” The case-file contained two documents evidencing Harper’s appeal and two more documents evidencing his partial payment of the fine, payment that Judge Sheffield repeatedly testified that he was searching for in his “thorough check.” •
¶43. The Commission also found that Harper “did his best to explain that he appealed his 1996 charges, to no avail: T was trying to talk to him, but he wouldn’t listen to me.’” Harper also testified that Judge Sheffield “wouldn’t let me talk, he wouldn’t let me do none of that.” Judge Sheffield admitted that Harper claimed he had appealed. Thus, Judge Sheffield acted willfully in sentencing Harper. However, no evidence exists that Judge Sheffield acted to deprive the public of assets or exploited his position as a judge.
F. The Presence or Absence of Mitigating or Aggravating Factors
¶ 44. As the majority notes, Judge Sheffield never accepted personal responsibility for the. misconduct, which is an aggravar ting factor, and no mitigating factors exist,
¶ 45. After review, I am of the opinion that the 'sanctions recommended by the Commission are not proportionate to Judge Sheffield’s offense. Judge Sheffield’s prior misconduct demonstrates a pattern of willful misconduct despite clear knowledge of the law. Further, the severe harm to Harper merits strong sanctions. Judge Sheffield’s actions cost Harper four months .of freedom and resulted in a 'serious infection. As a result, I believe that the appropriate sanctions are removal, from office, being assessed a $3,000 fine, and being assessed the costs of the proceedings.

. Moreover, when sentencing someone on a seventeen-year-old case, extra diligence is advisable.

. If the majority is correct that this was mere inattention, it seems it should be concerned that Judge Sheffield then lied to the Commission in his'Vociferous arguments that he was very thorough in this ease.