EASLEY, Justice,
for the Court.
PROCEDURAL HISTORY
¶ 1. On February 12, 2004, the Mississippi Commission of Judicial Performance (Commission) filed a formal complaint against John H. Sheffield, Justice Court Judge, Central District, Lee County, Mississippi, (Judge Sheffield) alleging judicial misconduct in violation of Article 6, Section 177A Mississippi Constitution of 1890, as amended. Judge Sheffield met with the Commission on February 18, 2004. Counsel for the Commission and Judge Sheffield entered into an Agreed Statement of Facts and Proposed Recommendation which was submitted and filed on April 9, 2004. The Commission unanimously accepted and adopted the Agreed Statement of Facts and Proposed Recommendation. The Agreed Statement of Facts and Proposed Recommendation was in lieu of an evidentiary hearing on the facts.
¶ 2. The Commission’s Finding of Facts and Recommendation were filed with this Court on May 11, 2004. Specifically, the Commission found that Judge Sheffield’s conduct violated Canons 1, 2 A, 3 B(2) and 3 B(9) of the Code of Judicial Conduct. The Commission found that Judge Sheffield’s behavior constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended.
¶3. The Commission recommended to the Court that Judge Sheffield be publicly reprimanded, fined $192.00 and assessed the costs of this proceeding in the amount of $100.00. A joint motion for approval of recommendations filed by the Commission was filed with this Court along with a memorandum brief in support of joint motion for approval of recommendation filed by the Commission. We adopt the Commission’s recommendation of public reprimand and payment of the assessed fine of $192.00 and the assessed cost of this proceeding, in the amount of $100.00.
FACTS
¶ 4. According to the memorandum in support of the joint motion for approval of the Commission’s recommendations submitted to this Court, on June 11, 2004, the facts demonstrate that Judge Sheffield was upset over a lack of funding for a court bailiff and stated on or about June 30, 2003, or July 1, 2003, words to the effect, “he would teach the county a lesson or would make the county pay.” On July 2, 2003, in his official capacity as Justice Court Judge, he held criminal court. He suspended fines in 13 cases, thereby depriving Lee County of the suspended fines. In 4 bad check cases against Edward L. Owens, Judge Sheffield not only suspended Owens’s fines but also suspended the State assessments, in violation of Mississippi law. The Commission had previously cautioned Judge Sheffield about suspending such assessments in Commission file no. 2002-304.
DISCUSSION
¶ 5. The standard of review for judicial misconduct proceedings is de novo. Miss. Comm’n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss.2000) (citing Miss. Comm’n on Judicial Performance v. Gunn, 614 So.2d 387, 389 (Miss.1993)). The Commission’s findings, based on clear and convincing evidence, are given “great deference.” Id. This Court, however, is obligated to conduct an independent inquiry. Miss. Comm’n on *548 Judicial Performance v. Neal, 774 So.2d 414, 416 (Miss.2000). Even though the Commission’s finding are considered, this Court is not bound by the findings, and additional sanctions may be imposed. Miss. Comm’n on Judicial Performance v. Whitten, 687 So.2d 744, 746 (Miss.1997).
I. WHETHER JUDGE SHEFFIELD’S CONDUCT CONSTITUTES WILLFUL MISCONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
¶ 6. In judicial performance proceedings, this Court determines whether the conduct of Judge Sheffield constitutes willful misconduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended.
This Court has held that:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than an error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith....
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute.
Miss. Comm’n on Judicial Performance v. Whitten, 687 So.2d 744, 747 (Miss.1997) (quoting In re Quick, 553 So.2d 522, 524 (Miss.1989)).
¶ 7. This Court has held that:
While the conduct of Respondent, in our opinion, amounted to willful misconduct in office and conduct prejudicial to the administration of justice, bringing the judicial office into disrepute, we recognize as quoted in In re Anderson, supra, that a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
Miss. Comm’n on Judicial Performance v. Boykin, 763 So.2d 872, 875 (Miss.2000) (quoting In re Anderson, 451 So.2d 232, 234 (Miss.1984)).
¶ 8. Here, Judge Sheffield and the Commission have filed a joint motion for approval of the Commission’s recommendations and to accept the Commission’s findings of fact and conclusion of law. The Commission found that Judge Sheffield violated Canons 1, 2 A, 3 B(2) and 3 B(9) of the Code of Judicial Conduct. In the case sub judice, Judge Sheffield’s suspension of the fines and State assessments were in response to the county’s lack of funding for a court bailiff. We find that Judge Sheffield’s conduct constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Accordingly, we adopt the *549 Commission’s and Judge Sheffield’s joint agreement.
II. WHETHER JUDGE SHEFFIELD SHOULD BE PUBLICLY REPRIMANDED AND FINED $192.00 AND ALL COSTS AS RECOMMENDED BY THE COMMISSION.
¶ 9. The Commission and Judge Sheffield recommend that Judge Sheffield be publicly reprimanded, fined $192.00, and assessed all costs associated with this proceeding in the amount of $100.00.
¶ 10. Imposing sanctions is left solely to the discretion of this Court. Miss. Comm’n on Judicial Performance v. Jones, 735 So.2d 385, 389 (Miss.1999). The sanction, however, ought to fit the offense at issue. Boykin, 763 So.2d at 876.
¶ 11. In determining the appropriate sanction for each case before this Court mitigating factors are reviewed pursuant to this Court’s holding in In re Baker, 535 So.2d 47 (Miss.1988).
¶ 12. Today, in Miss. Comm’n on Judicial Performance v. Gibson, No. 2004-JP-00442-SCT, 883 So.2d 1155, 2004 WL 2065688 (Miss. Sept. 16, 2004), this Court has modified Baker to apply generally to the determination of all sanctions in judicial misconduct proceedings rather than merely applying to the question of public reprimand and now examines the appropriateness of sanctions based on the following factors: (1) The length and character of the judge’s public service; (2) Whether there is any prior case law on point; (3) The magnitude of the offense and the harm suffered; (4) Whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) Whether moral turpitude was involved; and (6) The presence or absence of mitigating or aggravating circumstances.
¶ 13. First, there is no evidence on the record of the length or character of Judge Sheffield’s public service. Second, we have found judicial misconduct in violation of the Code of Judicial Conduct and imposed a public reprimand and fines where a judge has improperly dismissed matters before the court. See Miss. Comm’n on Judicial Performance v. Warren, 791 So.2d 194, 197 (Miss.2001). Third, the conduct was a gross abuse of Judge Sheffield’s power to act in his official capacity as a municipal court judge. Fourth, the record does not show any other incidents that demonstrate that this type of behavior evidences a pattern of conduct by Judge Sheffield. Fifth, there was no moral turpitude involved in the offense. Finally, aggravating circumstances are present in that Judge Sheffield suspended the fines in 13 cases, thereby depriving Lee County of the suspended fines, and state assessments in 4 bad check cases in response to the county not funding a court bailiffs position. Mitigating circumstances are also present in light of the fact that Judge Sheffield has acknowledged the inappropriateness of his conduct and is in agreement with the findings of the Commission.
¶ 14. Accordingly, we find that Commission’s and Judge Sheffield’s joint agreement should be upheld.
CONCLUSION
¶ 15. In conclusion, we find that the conduct of Lee County Justice Court Judge John H. Sheffield constitutes willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute pursuant to Section 177A of the Mississippi Constitution of 1890, as amended. The proposed sanctions and fine are in line with past cases of the same or similar nature. In addition, the fine is specifically tied to the misconduct. We find that a public reprimand and fine of $192.00 with assessed court costs of $100.00 is appropriate. This reprimand should be read in open court on the first day of the next *550 term of the Circuit Court of Lee County after this decision is final by the presiding judge with Judge Sheffield present.
¶ 16. Furthermore, Judge Sheffield shall supply proof of his compliance with this order to this Court when the fine and costs imposed herein this order are satisfied.
¶ 17. LEE COUNTY JUSTICE COURT JUDGE JOHN H. SHEFFIELD SHALL BE PUBLICLY REPRIMANDED BY THE PRESIDING CIRCUIT COURT JUDGE ON THE FIRST DAY OF THE NEXT TERM OF THE LEE COUNTY CIRCUIT COURT AFTER THIS DECISION IS FINAL, AND SHALL PAY A FINE OF $192.00 AND SHALL PAY THE COSTS OF THIS PROCEEDING, $100.00.
SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.