PIERCE, Justice,
for the Court:
¶ 1. The Mississippi Commission on Judicial Performance filed a formal complaint and charged Steve Little with judicial misconduct actionable pursuant to the provisions of Section 177A of the Mississippi Constitution of 1890, as amended. The Commission filed its Finding of Facts and Recommendations with this Court stating that Steve Little should be publicly reprimanded, suspended from office for ninety days without pay, and assessed the costs of this proceeding in the amount of $100. The Commission and Little have filed a Joint Motion for Approval of Recommendations. After thorough review, we disagree with the Commission’s findings and recommendations, and deny the Joint Motion for Approval of Recommendations.
FACTS AND PROCEEDINGS
¶ 2. The following is a recitation of the facts as agreed upon by the parties.
¶ 3. As justice court judge, Little individually, and in concert with others, allowed certain misdemeanor charges to be remanded, nonadjudicated and “retired to the files.” Specifically, Little allowed the “de facto nonadjudication” of sixteen charges of driving under the influence (DUI) over the course of two years, allegedly in violation of Mississippi Code Section 63-11-39. The Commission found by clear and convincing evidence that, by engaging in this conduct, Little had violated Canons 2A, 3B(2) and 3B(8) of the Code of Judicial Conduct. Further, Little’s conduct is said to constitute willful misconduct in office and conduct prejudicial to the administration of justice, which brings the judicial office into disrepute.
¶ 4. The Commission considered mitigating factors, including: Little has cooperated with the investigation; he has acknowledged his errors; each of the DUI charges was “retired to the files” upon written motion of the county prosecutor; as a non-lawyer, Little relied on the written motions of the county prosecutor (however, he has acknowledged that ignorance of the law is no excuse for justice court judges); Little has served as a justice court judge for fifteen years with only one formal complaint involving unrelated conduct; he ordered alcohol and drug treatment in lieu of conviction (although he has acknowledged that the successful completion of such treatment cannot serve as a basis for no-nadjudication under the Implied Consent Law); he no longer orders defendants charged with DUI to treatment programs for the purpose of nonadjudication of DUI charges; there is no evidence that Little profited financially from his misconduct; Little has agreed that his actions were *503 improper; and he has entered into an Agreed Statement with the Commission without the requirement of a hearing.[1]
¶ 5. After considering the previous facts, the Commission has recommended a public reprimand, a ninety-day suspension without pay, and an assessment of costs in the amount of $100. The Commission submits that the proposed sanction is consistent with the imposition of sanctions found in similar cases. Judge Little agrees with the recommended sanctions. Respectfully, we disagree with the Commission’s findings and recommendations in this case, and find that Judge Little’s conduct did not violate any judicial canon, nor did it violate Section 68-11-39 of the Mississippi Code.
DISCUSSION

Standard of Review

¶ 6. Rule 10(E) of the Rules of the Mississippi Commission on Judicial Performance directs this Court to prepare and publish a written opinion and judgment directing any such disciplinary action as it finds proper, based upon our review of the record. Thus, this Court has a duty to conduct an independent inquiry of the record in reaching our final determination, and, in doing so, “we will accord careful consideration [to] the findings of fact and recommendations of the Commission, or its committee, which has had the opportunity to observe the demeanor of the witnesses.” [2]

Whether Judge Little acted inappropriately.

¶ 7. The Commission found, by clear and convincing evidence, that Judge Little had engaged in “willful misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.” Specifically, the Commission found that Judge Little had violated Section 63-11-39 of the Mississippi Code, “Implied Consent Law,” by “passing to the file” sixteen charges of DUI, and Canons 2A, 3B(2) and 3(B)(8) of the Judicial Code of Conduct. See Miss.Code Ann. § 63-11-39 (Rev.2004).
¶ 8. With regard to “willful misconduct,” this Court has held:
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally, or with gross unconcern for his conduct and generally in bad faith.... A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith.... Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute.[3]
And negligence, ignorance, and incompetence are sufficient for a judge to behave in a manner prejudicial to the administration of justice which brings the judicial office into disrepute.[4]
*504 ¶ 9. The plain language of Section 63-11-39 states that “[T]he court having jurisdiction or the prosecutor shall not reduce any charge under this chapter to a lesser charge.” “Passing to the file” charges of DUI on recommendation of the county prosecutor does not, in and of itself, constitute willful misconduct, nor does it constitute a reduction of a charge. Accordingly, we respectfully disagree with the Commission’s findings.
¶ 10. Because Judge Little did not act without the authority of law, the Commission’s reference to this case as one of “ticket-fixing” is unfounded. But the Commission relies on past “ticket-fixing” cases to support its recommendations. In Mississippi Commission on Judicial Performance v. Sanford, Justice Court Judge John Sanford was found to have asked the county sheriff to approach the arresting officer and ask the officer to be late for court so that the DUI charges against the defendant could be dismissed.[5] In Mississippi Commission on Judicial Performance v. Bradford, Justice Court Judge Richard Bradford III was found to have engaged in numerous violations, including dismissing second-offense DUI charges without the prosecution being allowed to call the issuing officer as a witness, and nonadjudicating a first-offense DUI charge against a minor without notice to the prosecutor after an attempt to transfer the matter to youth court.[6] In Mississippi Commission on Judicial Performance v. Boykin, Justice Court Judge Sherlene Boykin was found to have dismissed eight speeding tickets, two expired-motor-vehicle-inspeetion-sticker tickets, and one absence of a motor-vehicle-license-plate ticket based upon ex parte communication with defendants, among others.[7] And in Mississippi Commission on Judicial Performance v. Warren, Justice Court Judge Ken Warren improperly engaged in ex parte communications and dismissed ten cases involving speeding tickets without notice to the citing officer or a hearing.[8]
¶ 11. Where a statute is unambiguous, this Court will look to the plain meaning of the statute to determine whether it has been violated.[9] Judge Little’s conduct does not violate the plain language of Section 63-11-39. “Passing to the file” a DUI charge does not constitute a reduction of that charge, so it stands to reason that Judge Little’s conduct cannot be compared to the conduct exhibited in “ticket-fixing” cases. Further, the Commission has recognized that Judge Little, a nonlawyer, relied on the written motions of the county prosecutor when he “passed to the file” sixteen charges of DUI. The Commission made no finding of bad faith or gross unconcern on behalf of Judge Little, and the record lacks evidence of any wrongdoing. Thus, the sanctions recommended by the Commission are unwarranted.
CONCLUSION
¶ 12. For the above-stated reasons, the Joint Motion for Approval of Recommendations is hereby denied. We finally dismiss the Commission’s complaint against Judge Little with prejudice.
*505 ¶ 13. DISMISSED WITH PREJUDICE.
CARLSON AND DICKINSON, P. JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND KING, JJ., CONCUR. WALLER, C.J., NOT PARTICIPATING.

. The record does not reflect evidence of any aggravating factors.

. In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743, 746 (Miss.1982).

. Miss. Comm'n on Judicial Petformance v. Gibson, 883 So.2d 1155, 1157 (Miss.2004), overruled in part by Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172 (Miss.2011) (citing In re Quick, 553 So.2d 522, 524-525 (Miss.1989)).

. See In re Bailey, 541 So.2d 1036 (Miss.1989); In re Baker, 535 So.2d 47 (Miss.1988); In re Stewart, 490 So.2d 882 (Miss.1986); In re Garner, 466 So.2d 884 (Miss.1985), overruled in part by Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172 (Miss. *504 2011); and In re Lloyd Anderson, 412 So.2d 743 (Miss.1982).

. Miss. Comm’n on Judicial Performance v. Sanford, 941 So.2d 209 (Miss.2006).

. Miss. Comm’n on Judicial Performance v. Bradford, 18 So.3d 251, 253 (Miss.2009).

. Miss. Comm’n on Judicial Performance v. Boykin, 763 So.2d 872, 874 (Miss.2000).

. Miss. Comm’n on Judicial Performance v. Warren, 791 So.2d 194, 196 (Miss.2001).

. See Buckel v. Chaney, 47 So.3d 148, 158 (Miss.2010) (citations omitted).