# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2016-JP-01513-SCT

*MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE*

*v.*

*JUDGE JOHN H. SHEFFIELD*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/06/2016 |
| TRIAL JUDGE: | HON. CYNTHIA L. BREWER |
| TRIAL COURT ATTORNEYS: | JANELLE MARIE LOWREY |
| | JEFFREY CARTER SMITH |
| | COURTNEY BRADFORD SMITH |
| | BEN LOGAN |
| | DARLENE D. BALLARD |
| | BONNIE H. MENAPACE |
| | RACHEL WILSON MICHEL |
| COURT FROM WHICH APPEALED: | MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE |
| ATTORNEYS FOR APPELLANT: | DARLENE D. BALLARD |
| | RACHEL WILSON MICHEL |
| | MEAGAN COURTNEY BRITTAIN |
| ATTORNEY FOR APPELLEE: | BEN LOGAN |
| NATURE OF THE CASE: | CIVIL - JUDICIAL PERFORMANCE |
| DISPOSITION: | SUSPENSION FROM OFFICE FOR 120 DAYS WITHOUT PAY, PUBLIC REPRIMAND, FINE OF $3,000 AND ASSESSED ALL COSTS - 08/17/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**DICKINSON, P.J., JUSTICE, FOR THE COURT:**

¶1.    Lee County Justice Court Judge John H. Sheffield ordered James Harper to serve six

months in a work center for a conviction Harper already had appealed to a higher court, and

for which Harper already had satisfied his sentence. Because under the facts of this case, Judge Sheffield's conduct was not due to an innocent mistake, it amounts to judicial misconduct. So we impose a public reprimand, a 120-day suspension without pay, and a $3,000 fine, and assess all costs of the proceedings to Judge Sheffield.

## FACTS AND PROCEDURAL HISTORY

¶2. On June 11, 1996, James Harper was to appear before Judge John H. Sheffield in the Lee County Justice Court on charges of driving under the influence and having an expired inspection sticker. But Harper failed to appear, and Judge Sheffield issued a warrant for his arrest.

¶3. Harper's attorney contacted the justice court and set the matter for trial September 11, 1996. The trial went forward, and Judge Sheffield convicted Harper on both charges. Judge Sheffield then imposed a six-month suspended sentence and a $600 fine for the DUI and a $50 fine for the inspection sticker. That same day, Harper entered into a payment plan with the Lee County Justice Court for his $600 fine. Two days later, he paid $50, which was credited to the DUI case number.

¶4. On October 10, 1996, Harper appealed his DUI conviction to the County Court of Lee County. The county-court clerk notified the Lee County prosecutor, Harper's attorney, the Lee County Justice Court, and Judge Sheffield. The notice of appeal and the clerk's notification were placed in the justice-court case file. Harper then was convicted in county court on June 23, 1997, and he satisfied the terms of his sentence.

2

¶5. On April 9, 2013, Harper again was arrested for DUI in Lee County. At that point he was told he could not post bond until he resolved a matter with Judge Sheffield. The next day, Harper appeared before Judge Sheffield, who accused Harper of failing to pay the fines imposed for the 1996 justice-court convictions.

¶6. Despite Harper's protestation that he had appealed to county court, lost, and paid his fines—and despite the fact that Judge Sheffield had with him the justice-court case files for Harper's earlier convictions, both of which contained Harper's notice of appeal and the county-court notification—Judge Sheffield sentenced Harper to serve six months at the Lee County Work Center for the DUI conviction. Harper served four months in the work center before being released due to an infection requiring hospitalization.

¶7. On August 21, 2014, the Mississippi Commission on Judicial Performance filed a complaint against Judge Sheffield. The Commission alleged that Judge Sheffield committed judicial misconduct by sentencing Harper to the work center when Harper had appealed his conviction to a higher court and had paid his fine. Following a hearing, the Commission recommends that this Court find that Judge Sheffield committed misconduct; impose a public reprimand, a 120-day suspension, and a $3,000 fine; and assess the costs of the proceedings to Judge Sheffield. We accept the Commission's recommendation.

## ANALYSIS

¶8.     The Mississippi Constitution grants this Court the power "[o]n recommendation of the commission on judicial performance," to "remove from office, suspend, fine or publicly censure or reprimand any . . . judge of this state for . . . willful misconduct in office . . . or . . . conduct prejudicial to the administration of justice which brings the judicial office into disrepute."[1]  In a judicial-performance case, we conduct "an independent inquiry of the record before making a 'final determination of the appropriate action to be taken in each case[.]'"[2]  While we give careful consideration to the Commission's findings of fact and recommendation, we are not bound by them.[3]  To impose sanctions, we must find "'clear and convincing evidence of misconduct.'"[4]

## I.     Judge Sheffield committed judicial misconduct.

¶9.     The Commission recommends that Judge Sheffield's actions violated Canons 1, 2A, 3B(2), 3B(4), 3B(8), and 3C(1) of the Code of Judicial Conduct as well as Section 177A of the Mississippi Constitution of 1890.  We agree.

---

[1] Miss. Const. art. 6, § 177A.

[2] *Miss. Comm'n on Judicial Performance v. Shoemake*, 191 So. 3d 1211, 1216 (Miss. 2016) (quoting *Miss. Comm'n on Judicial Performance v. Boone*, 60 So. 3d 172, 176 (Miss. 2011)).

[3] *Shoemake*, 191 So. 3d at 1216 (citing *Mississippi Comm'n on Judicial Performance v. Skinner*, 119 So. 3d 294, 299 (Miss. 2013)).

[4] *Id.* (citing *Miss. Comm'n on Judicial Performance v. Carver*, 107 So. 3d 964, 969 (Miss. 2013)).

¶10.    The Constitution permits this Court to impose discipline for judicial misconduct which is willful, or which is "prejudicial to the administration of justice" and "brings the judicial office into disrepute."[5]  "[N]egligence, ignorance, and incompetence are sufficient for a judge to behave in a manner prejudicial to the administration of justice which brings the judicial office into disrepute."[6] Here, Judge Sheffield committed misconduct which at least amounted to negligence, ignorance, and incompetence.

¶11.    When Harper appeared before Judge Sheffield in 2013, Judge Sheffield had with him the 1996 DUI case file.  That record contained the notice of appeal to county court.  Harper protested that he had appealed and that he had satisfied his sentence.  But Judge Sheffield failed to recognize these simple facts, both articulated by Harper and sitting before him in documents on his bench.

¶12.    Canon 1 of the Judicial Code of Conduct provides:

> An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code should be construed and applied to further that objective.

---

[5] Miss. Const. art. 6, § 177A.

[6] *Miss. Comm'n on Judicial Performance v. Little*, 72 So. 3d 501, 502 (Miss. 2011) (citing *In re Bailey*, 541 So. 2d 1036 (Miss. 1989); *In re Baker*, 535 So. 2d 47 (Miss. 1988); *In re Stewart*, 490 So. 2d 882 (Miss. 1986); *In re Garner*, 466 So. 2d 884 (Miss. 1985); *In re Lloyd Anderson*, 412 So. 2d 743 (Miss. 1982)).

Judge Sheffield's failure to devote sufficient attention to the record before him did not represent the "high standards of conduct" required by Canon 1. Canon 2A provides that "[a] judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Confidence in the integrity of the judiciary is not promoted when a judge fails to devote sufficient attention to the case before him that he cannot find a document in a record he has in his possession, and wrongfully sentences an individual to serve time in a work center because of his inattention.

¶13. Canon 3B(2) provides that "[a] judge shall be faithful to the law and maintain professional competence in it." Judge Sheffield's conduct reflects anything but competence. And Canon 3B(4) states "Judges shall be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom they deal in their official capacities, and shall require similar conduct of lawyers, and of their staffs, court officials, and others subject to their direction and control." If Judge Sheffield's failure to find the notice of appeal were not enough, the testimony establishes that he was discourteous toward Harper in the face of Harper's attempt to point out Judge Sheffield's errors.

¶14. Canon 3B(8) provides that "[a] judge shall dispose of all judicial matters promptly, efficiently and fairly." Nothing about this proceeding was prompt, efficient, or fair. Finally, Canon 3C(1) provides "[a] judge shall diligently discharge the judge's administrative responsibilities without bias or prejudice and maintain professional competence in judicial

6

administration, and shall cooperate with other judges and court officials in the administration of court business." Judge Sheffield did not "maintain professional competence in judicial administration."

¶15. So we accept the Commission's recommendation that Judge Sheffield's actions violated Canons 1, 2A, 3B(2), 3B(4), 3B(8), and 3C(1) of the Code of Judicial Conduct.

## II. The Sanction to be Imposed

¶16. "The sanctions in judicial-misconduct cases should be proportionate to the judge's offense."[7] To determine the appropriateness of sanctions, this Court weighs six factors:

> (1) the length and character of the judge's public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of conduct; (5) whether moral turpitude was involved; and (6) the presence or absence of mitigating or aggravating factors.[8]

### A. The Length and Character of Judge Sheffield's Service

¶17. Judge Sheffield has served as a justice-court judge for twenty-five years. Testimony established that Judge Sheffield enjoys a reputation for fairness and appropriate courtroom demeanor, and that he initiated a system for appointing public defenders for some criminal defendants in justice court.

---

[7] *Miss. Comm'n on Judicial Performance v. Littlejohn*, 172 So. 3d 1157, 1161 (Miss. 2015) (quoting *Miss. Comm'n on Judicial Performance v. Harris*, 131 So. 3d 1137, 1144 (Miss. 2013)).

[8] *Boone*, 60 So. 3d at 85.

¶18. That said, this is not Judge Sheffield's first instance of misconduct. In *Mississippi Commission on Judicial Performance v. Sheffield*, this Court found that Judge Sheffield committed misconduct when he suspended fines that would be paid to the county as retribution for the county failing to provide adequate funding for a bailiff.[9] We imposed a public reprimand and $192 fine, and assessed Judge Sheffield court costs of $100.[10]

¶19. In another instance, Judge Sheffield and the Commission agreed to a private admonishment and assessment of costs for a complaint filed when Judge Sheffield pressured a bail bondsman to bring a litigant to jail for failure to appear, despite the bondsman's request to pay on the bond instead, and while the litigant was involved in a custody dispute with Judge Sheffield's brother. Further, Judge Sheffield has received two letters of caution from the Commission regarding his courtroom demeanor, and another for acting in excess of his court's jurisdiction.

**B.    Whether there is any prior caselaw on point.**

¶20. *Mississippi Commission on Judicial Performance v. Littlejohn* and *Mississippi Commission on Judicial Performance v. Darby* are similar cases involving the unlawful incarceration of individuals.[11] In *Littlejohn*, this Court imposed a thirty-day suspension, a

---

[9] *Miss. Comm'n on Judicial Performance v. Sheffield*, 883 So. 2d 546, 547 (Miss. 2004).

[10] *Id.* at 549.

[11] *Miss. Comm'n on Judicial Performance v. Littlejohn* 172 So. 3d 1157 (Miss. 2015); *Miss. Comm'n on Judicial Performance v. Darby*, 75 So. 3d 1037 (Miss. 2011).

$1,000 fine, and assessed the costs of the proceedings after Littlejohn unlawfully imprisoned a man for three days and two nights.[12] There, Chancellor Littlejohn modified a support order.[13] A litigant appealed and posted a supersedeas bond in an amount the chancery clerk approved.[14] Despite the fact that Chancellor Littlejohn acknowledged that the bond had been posted and approved, he nevertheless held the litigant in contempt for his failure to pay on the appealed judgment.[15]

¶21.    In *Darby*, we imposed a public reprimand, a $500 fine, and assessed the costs of the proceedings where Darby wrongly incarcerated a woman for three days.[16] There, Judge Darby held a litigant in contempt even though it was "undisputed that (1) no pleadings had been filed which alleged that the mother was in contempt of court, (2) the mother was not provided written notice of the hearing, (3) the mother was not given a reasonable amount of time to prepare for the hearing, and (4) the mother was not afforded the opportunity to obtain counsel."[17]

**C.     The Magnitude of the Offense and the Harm Suffered**

---

[12] *Littlejohn*, 172 So. 3d at 1163, 1159.

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Darby*, 75 So. 3d at 1044.

[17] *Id.* at 1040.

¶22.   Judge Sheffield's misconduct caused Harper to serve four months in the Lee County Work Center.  He was released when a serious infection required his hospitalization.  We have recognized that illegal incarceration is "one of the most severe forms of harm."[18]

### D.     Whether the misconduct evidences a pattern of conduct.

¶23.   As discussed above, Judge Sheffield has been issued letters of caution related to his courtroom demeanor.  That demeanor was at issue here.  And Judge Sheffield has been both privately admonished and publicly reprimanded for past misconduct.  That said, Judge Sheffield's failure to see the notice of appeal is dissimilar from Judge Sheffield's past misconduct.

### E.     Whether the conduct was willful, intended to deprive the public of assets, or exploited the judge's position.

¶24.   "To determine the extent to which the conduct was willful, 'we will examine whether the judge acted in bad faith, good faith, intentionally, knowingly, or negligently.'"[19] Judge Sheffield's misconduct—while causing a severe outcome—appears to be due mostly to a matter of inattention.  The court file—which Judge Sheffield had with him at the bench—conclusively established that Harper had appealed to county court.  Harper also argued this fact to Judge Sheffield.  But Judge Sheffield failed to devote sufficient attention to his work to find the notice of appeal.  So Judge Sheffield's conduct was clearly negligent.

---

[18] *Littlejohn*, 172 So. 3d at 1160.

[19] *Miss. Comm'n on Judicial Performance v. Harris*, 131 So. 3d 1137, 1146 (Miss. 2013) (quoting *In re Coffey's Case*, 949 A.2d 102, 115 (N.H. 2008)).

10

### F. Mitigating and Aggravating Factors

¶25. Judge Sheffield's failure to take personal responsibility for his error constitutes an aggravating factor, and we find no mitigating factors for his misconduct. In sum, this Court finds that the Commission's recommended sanction is an appropriate one. We find this case similar to *Littlejohn*. The severity of the harm to Harper requires suspension from office.

### CONCLUSION

¶26. We thus order that Judge Sheffield be publicly reprimanded, suspended from office for 120 days without pay, fined $3,000, and assessed costs of the proceedings. The public reprimand shall be read in open court by the presiding judge of the Circuit Court of Lee County on the first day of the next term of that Court in which a jury venire is present after the issuance of this Court's mandate in this case, with Judge Sheffield present.

¶27. The Clerk of this Court shall send copies of this opinion and the mandate of this Court to the Chancery Clerk of Lee County, and to the Circuit Clerk of Lee County, as well as to the Lee County Justice Court Clerk, the County Administrator of Lee County, and the Lee County Board of Supervisors.

¶28. **LEE COUNTY JUSTICE COURT JUDGE JOHN H. SHEFFIELD SHALL BE SUSPENDED FROM OFFICE FOR A PERIOD OF 120 DAYS WITHOUT PAY, EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT'S MANDATE, PUBLICLY REPRIMANDED, FINED $3,000, AND ASSESSED ALL COSTS. THE PUBLIC REPRIMAND SHALL BE READ IN OPEN COURT BY THE PRESIDING JUDGE OF THE LEE COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VENIRE IS PRESENT AFTER THE ISSUANCE OF THIS COURT'S MANDATE, WITH JUDGE SHEFFIELD IN ATTENDANCE.**

11

**WALLER, C.J., RANDOLPH, P.J., KITCHENS, COLEMAN, MAXWELL AND BEAM, JJ., CONCUR. KING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION. CHAMBERLIN, J., NOT PARTICIPATING.**

**KING, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶29.     While I agree with the majority that Judge Sheffield committed misconduct, I disagree with the majority's determination that the recommended sanctions are proportionate to the offense. I would remove Judge Sheffield from office. As this Court has recognized in the past, most of Mississippi's citizens "have their primary, if not their only, direct contact with the law through the office of the justice court judge." *In re Bailey*, 541 So. 2d 1036, 1039 (Miss. 1989). Thus, "justice court judges must scrupulously follow the Code of Judicial Conduct." *Miss. Comm'n on Judicial Performance v. Boone*, 60 So. 3d 172, 183 (Miss. 2011).

¶30.     This is not a case of a judge simply overlooking a notice of appeal in a case-file and being sanctioned for misconduct. Instead, the judge, by his own admission, had knowledge of the claim of appeal, had the evidence of the appeal before him, and yet still acted without authority of law to imprison Harper illegally.

¶31.     By Judge Sheffield's own admission, Harper told him "that he had appealed the charge." Throughout the committee hearing, Judge Sheffield acknowledged that he searched for evidence of an appeal. Judge Sheffield testified that he understood that an appeal from justice court divested him from jurisdiction over the case. Despite Judge Sheffield's notice of Harper's claim and his admitted knowledge of the law, Judge Sheffield, without authority

12

of law, sentenced Harper to serve six months on a sentence which Harper had appealed and satisfied seventeen years earlier.

¶32. Further, Judge Sheffield's assertion that he examined the entire contents of the case-files before him is belied by the evidence in the record. This evidence raises questions as to the credibility of Sheffield's testimony that he examined each page of the case-file and "checked the record as thoroughly as [he] could." Two of the mere twenty-three pages of the file were notices of appeal, but Judge Sheffield missed them in his "thorough check." Also, Judge Sheffield's claim at the committee hearing that he was searching for evidence of Harper's payment of the fine further demonstrated that Sheffield's examination of the case-file was not "thorough." An additional two pages—the deferred payment agreement and the $50.00 dollar receipt—demonstrate some satisfaction of the fine, yet Judge Sheffield did not notice them, either. While the partial payment of the fine alone would not have satisfied Harper's conviction, Judge Sheffield's failure to notice these two documents calls into question the credibility of his testimony at the committee hearing.

¶33. Also, Judge Sheffield failed to make "every reasonable effort" to determine if Harper had appealed. While a justice court judge is not required to contact the county court every time a defendant insists that he or she appealed a sentence, the testimony at the committee hearing indicated that this was the general practice in the Lee County Justice Court. Judge Sheffield, though, did not contact the Lee County Court to inquire about the appeal, or have

his clerks do so.[20] Instead, he sentenced Harper without authority of law. In examining the factors we analyze to determine appropriate sanctions, I conclude that a public reprimand and suspension are not proportionate to Sheffield's offense.

### A. The Length and Character of Judge Sheffield's Service

¶34. As the majority notes, Judge Sheffield has served as a justice court judge for twenty-five years, and much of his service has been commendable. On the other hand, Judge Sheffield does have instances of previous judicial misconduct in his record, as noted by the majority. The private reprimand he received even included improper actions in attempting to imprison someone.

### B. Whether there is any prior caselaw on point.

¶35. The majority cites *Mississippi Commission on Judicial Performance v. Littlejohn*, 172 So. 3d 1157, 1163 (Miss. 2015) and *Mississippi Commission On Judicial Performance v. Darby*, 75 So. 3d 1037, 1044 (Miss. 2011) (finding judge's "failure to adhere to procedure . . . serious, given the deprivation of liberty in this matter").

¶36. In this case, Judge Sheffield, unlike Judge Littlejohn, admitted that he knew the appropriate law. Despite his knowledge of the law, Judge Sheffield sentenced Harper even though Harper had appealed the 1996 conviction and satisfied the terms of his conviction in county court. Despite Harper's claims and the two notices of appeal in the case-file, Judge

---

[20]Moreover, when sentencing someone on a *seventeen-year-old* case, extra diligence is advisable.

Sheffield sentenced Harper to six months in the county work center. As in *Littlejohn*, Judge Sheffield had previously been sanctioned by this Court for judicial misconduct where Judge Sheffield had knowledge of the appropriate law. In contrast to *Littlejohn* and *Darby*, Harper's sentence was significantly longer than the imprisonments in those cases, and resulted in Harper contracting a serious infection. And Harper's actual time served was only cut short due to that infection.

¶37. Additionally, in *Mississippi Commission on Judicial Performance v. Dodds*, 680 So. 2d 180, 191 (Miss. 1996), this Court held that a justice court judge "acted unlawfully" and "without any legal authority" when he entered a restraining order preventing the pastor of a church from entering church property. The *Dodds* Court emphasized that "a specific intent to use the powers of the judicial office to accomplish a purpose which Dodds **knew or should have known** was beyond the legitimate exercise of his authority constituted bad faith on his behalf." *Id*. at 192 (emphasis in original). In *Dodds*, this Court removed the judge from the bench and assessed the costs of the proceedings to him. *Id*. at 201.

¶38. Judge Sheffield knew, or at least should have known, that his actions were without authority of law. In fact, he acknowledged that he knew that an appeal to a higher court divested his court of jurisdiction.

### C. The Magnitude of the Offense and the Harm Suffered

¶39. The majority acknowledges that illegal incarceration is "one of the most severe forms of harm" that Judge Sheffield could have ordered against Harper. *Littlejohn*, 172 So. 3d at

15

1160; *see also **Darby***, 75 So. 3d at 1044. Here, though, the length of incarceration and resulting physical harm to Harper render Harper's illegal incarceration more severe than the incarcerations in ***Littlejohn*** and ***Darby***. The citizens of Lee County also suffered harm from Judge Sheffield's disregard of the authority of the law. *See **Bailey***, 541 So. 2d at 1039 ("If [justice court] judges do not behave with judicial temperament and perform their duties according to the law . . . there seems little hope that our citizenry at large may understand and respect the legal process.").

### D. Whether the misconduct is an isolated incident or evidences a pattern of conduct.

¶40. Judge Sheffield's history with the Commission evidences the same type of conduct by Judge Sheffield in the past as in this case with Harper. Judge Sheffield has twice received letters concerning his courtroom demeanor, and twice received letters concerning procedural issues. Judge Sheffield failed to heed one of the letters concerning a procedural issue, and the Commission brought a formal complaint against him. ***Miss. Comm'n on Judicial Perf. v. Sheffield***, 883 So. 2d 546, 547 (Miss. 2004). There, this Court found that Judge Sheffield had committed judicial misconduct for actions that attempted to "teach Lee County a lesson." *Id*. at 547, 549. Moreover, Judge Sheffield previously attempted to have a defendant improperly incarcerated, and agreed to discipline by the Commission as a result. These instances of misconduct demonstrate a pattern of conduct by Judge Sheffield. Judge Sheffield knew what the law required of him in these previous cases and willfully ignored the law, just as he did when he illegally incarcerated Harper.

16

**E.    Whether the conduct was willful, intended to deprive the public of assets, or exploited the judge's position.**

¶41.    "To determine the extent to which the conduct was willful, 'we will examine whether the judge acted in bad faith, good faith, intentionally, knowingly, or negligently.'" ***Miss. Comm'n on Judicial Performance v. Harris***, 131 So. 3d 1137, 1146 (Miss. 2013) (quoting ***In re Coffey's Case***, 949 A.2d 102, 115 (N.H. 2008)).  Also, "specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or *should have known* was beyond the legitimate exercise of his authority constitutes bad faith." ***Miss. Comm'n on Judicial Perf. v. Boykin***, 763 So. 2d 872, 874-75 (emphasis added).

¶42.    The majority argues that Judge Sheffield's misconduct "appears to be due mostly to a matter of inattention." I disagree.[21]  It is clear that Judge Sheffield should have known that his actions were without the authority of law.  The justice court case-file in Judge Sheffield's possession reflected that he had no jurisdiction to sentence Harper.  The Commission found that Judge Sheffield, regardless of his motive, "acted with gross unconcern for his conduct." The case-file contained two documents evidencing Harper's appeal and two more documents evidencing his partial payment of the fine, payment that Judge Sheffield repeatedly testified that he was searching for in his "thorough check."

---

[21]If the majority is correct that this was mere inattention, it seems it should be concerned that Judge Sheffield then lied to the Commission in his vociferous arguments that he was very thorough in this case.

¶43.   The Commission also found that Harper "did his best to explain that he appealed his 1996 charges, to no avail: 'I was trying to talk to him, but he wouldn't listen to me.'" Harper also testified that Judge Sheffield "wouldn't let me talk, he wouldn't let me do none of that." Judge Sheffield admitted that Harper claimed he had appealed. Thus, Judge Sheffield acted willfully in sentencing Harper. However, no evidence exists that Judge Sheffield acted to deprive the public of assets or exploited his position as a judge.

### F.   The Presence or Absence of Mitigating or Aggravating Factors

¶44.   As the majority notes, Judge Sheffield never accepted personal responsibility for the misconduct, which is an aggravating factor, and no mitigating factors exist.

¶45.   After review, I am of the opinion that the sanctions recommended by the Commission are not proportionate to Judge Sheffield's offense. Judge Sheffield's prior misconduct demonstrates a pattern of willful misconduct despite clear knowledge of the law. Further, the severe harm to Harper merits strong sanctions. Judge Sheffield's actions cost Harper four months of freedom and resulted in a serious infection. As a result, I believe that the appropriate sanctions are removal from office, being assessed a $3,000 fine, and being assessed the costs of the proceedings.